IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME JUNIOR WASHINGTON, | ) | |
| | ) | Civil Action No. 18 – 1390 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| JOHN E. WETZEL, *Commissioner*, | ) | ECF No. 28 |
| ROBERT D. GILMORE, | ) | |
| *Superintendent/Warden, SCI Greene*, | ) | |
| CANDICE LACKEY, *Unit Manager*, | ) | |
| PSYCHIATRIST BURGER, | ) | |
| PSYCHOLOGIST BAWDY, | ) | |
| DEPUTY DIALESANDRO, *Deputy Superintendent*, ZAKEN, *Deputy of Security*, SGT. CHESMER, *Correctional Officer*, C.O. MILLER, SGT. BEERS, *Correctional Officer*, LT. JELLOT, *Correctional Guard*, C.O. STEFFIN, TODD H. FUNK, *Correctional Staff Member,* MAJOR BUZAS, COUNSELOR SPIKER, PSYCHOLOGIST BRITTANY NOVAJ, SERGEANT ROGERS, and SHIRLEY MOORE, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Currently pending before the Court is a Motion to Dismiss the Complaint for failure to state a claim that was filed by Defendant Psychiatrist Burger[1] on September 25, 2019. (ECF No.

---

[1] According to the Motion to Dismiss, Plaintiff, who is an inmate at SCI-Greene, has incorrectly identified this Defendant as "Psychiatrist Burger". Her true name is Alicia Berger and it does not appear that she is a psychiatrist, although this is not made clear from her Motion and Plaintiff has alleged that she is a psychiatrist and the "overseer" of the psychiatric providers at SCI-

1

28.) Plaintiff filed a response in opposition to the Motion to Dismiss on October 22, 2019. (ECF No. 37.) For the following reasons, the Motion will be granted and the claims against Defendant Berger will be dismissed with prejudice.

### A. **Allegations against Defendant Berger**

According to the allegations that Plaintiff has set forth in his Complaint with respect to Defendant Berger, which appears to be just a recitation of the conversation that Plaintiff had with her on May 31, 2018, Berger, along with another individual whom Plaintiff identifies as "Psychologist Capra", came to his cell to see him because he was experiencing what he describes as a mental health crisis and cutting himself. According to Plaintiff, Defendant Berger and Capra knew that his "life was in danger" but took their "precious time" getting to his cell, stopping to see other inmates at their cells before him. When they finally arrived at Plaintiff's cell, Defendant Berger asked him what was wrong and why he was cutting himself, and Plaintiff responded that he was having mental health problems and needed to go to a psychiatric observation cell ("P.O.C. cell") because he was feeling suicidal. Apparently, Defendant Berger told Plaintiff that he could not go to a P.O.C. cell and also told him that acting out by doing such things like cutting himself or taking the shower hostage would not cause her to see him any faster because he only did so just to get her attention. She explained to Plaintiff that she saw him once a week, a fact which Plaintiff already knew, and that he would just have to be patient and wait for his turn to be seen. Plaintiff then asked Defendant Berger whether she was going to pull him out of his cell so he could tell her his problems and explain to her why he wanted to go to the P.O.C. cell. He also told her that "they" kept messing with his legal mail and grievances.

---

Greene. *See* ECF No.3, p.2. For purposes of this Memorandum Opinion, she will simply be referred to as "Defendant Berger".

When Defendant Berger responded by saying that Plaintiff had been refusing to see her during her past visits with him, Plaintiff explained that was because he did not feel comfortable around Psychologist Capra, who apparently accompanied Berger on her rounds. Defendant Berger then asked Plaintiff whether he was going to stop cutting himself because she would not pull him out of his cell if he continued to do so, and she requested that Plaintiff give Capra another chance. Plaintiff provides no further details as to this exchange between he and Defendant Berger on May 31, 2018.

Plaintiff also complains that Defendant Berger is not qualified to order mental health medications and that he is dissatisfied with the medications ordered as he would prefer to receive Klonopin and Ritalin. He also alleges that Defendant Berger provides different mental health treatment to inmates based on their race stating that African American inmates with mental illness like himself are treated as a behavior problem whereas Caucasian inmates with mental illness are given proper treatment and medication. *See* ECF No. 3, pp.4-8.

**B. Standard of Review**

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213

3

>  (quotation marks and citations omitted); *see also* Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 117–18 (3d Cir. 2013).

Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014).

When considering *pro se* pleadings, a court must employ less stringent standards than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a § 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

C. **Discussion**

Plaintiff's Complaint is far from a model of clarity and his claims are not well articulated. That said, however, it does appear as though Plaintiff is attempting to assert two different claims against Defendant Berger. First, he appears to argue that she was deliberately indifferent to his serious mental health needs in violation of the Eighth Amendment because she failed to respond in a constitutionally appropriate manner during his mental health crisis on May 31, 2018, and he also asserts that she was also deliberately indifferent because she failed to provide him with

specific medications to treat his mental illness. Second, he appears to argue that she violated his right to equal protection either by not providing him with mental health treatment like Caucasian inmates who suffer from mental illness or by not providing him with the same mental health treatment as that provided to Caucasian inmates.[2]

1. **Eighth Amendment Claims**

To state a claim for deliberate indifference, a plaintiff must satisfy the two-part test drawn from Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citing Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "First, plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious,' or that the result of defendant's denial was sufficiently serious. Additionally, the plaintiff must make a 'subjective' showing that defendant acted with 'a sufficiently culpable state of mind'" – *i.e.*, "deliberate indifference" Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). In other words, a prisoner plaintiff alleging deliberate indifference to medical needs must allege two elements: (1) that he was suffering from a serious medical need, and (2) that prison officials were deliberately indifferent to that serious medical need.

A medical need is "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the

---

[2] Defendant Berger's Motion to Dismiss is only directed to Plaintiff's claim for deliberate indifference and not to his alleged violation of equal protection. This, however, is most likely because Plaintiff did not clearly articulate his claims against her, or any of the other defendants, and she did not read his Complaint to assert such an equal protection claim. Notwithstanding this oversight, the Court will address his equal protection claim pursuant to its power to screen cases filed by plaintiffs proceeding *in forma paupers* and to dismiss claims "at any time" if the plaintiff's claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

necessity for a doctor's attention." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003). "The seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (citations omitted). "In addition, where denial or delay causes an inmate to suffer a lifelong handicap or permanent loss, the medical need is considered serious." Id.

To demonstrate deliberate indifference, the plaintiff "must make a subjective showing that defendant acted with a sufficiently culpable state of mind." Pinchak, 294 F.3d at 499. The level of culpability is "somewhere between the poles of negligence at one end and purpose or knowledge at the other." Thomas v. Dragovich, 142 F. App'x 33, 36 (3d Cir. 2005) (citing Farmer v. Brennan, 511 U.S. 825, 835 (1994)). A prison official must "know of an excessive risk to an inmate's health or safety and affirmatively disregard it." Innis v. Wilson, 334 F. App'x 454, 456 (3d Cir. 2009) (citing Farmer, 511 U.S. at 835-38). The Third Circuit Court of Appeals has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citations omitted). Conversely, "[m]ere medical malpractice cannot give rise to a violation of the Eighth Amendment." White v. Napoleon, 897 F.2d 103, 108 (3d Cir. 1990). As our Court of Appeals long ago explained, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979).

For purposes of this Opinion, the Court will assume, without deciding, that Plaintiff has appropriately pleaded that he suffers from a sufficiently serious medical need that has been diagnosed by a physician as mandating treatment, that being his mental illness. The question now becomes whether he has sufficiently alleged facts to show that Defendant Berger was deliberately indifferent to his mental illness.

### a. May 31, 2018

With respect to the mental health crisis that Plaintiff alleges he experienced on May 31, 2018, Plaintiff's allegations against Defendant Berger do not state a claim for relief as they do not allow the Court to draw a reasonable inference that Defendant Berger was deliberately indifferent to Plaintiff's mental illness. Plaintiff's claim against Defendant Berger concerning the events that occurred on May 31, 2018 does not appear to be that she failed or refused to provide him with any form of mental health treatment. Indeed, he admits that she came to see him at his cell and spoke to him about why he was cutting himself. Instead, it appears that Plaintiff's claim against Defendant Berger is that she did not respond to him in the manner in which he wanted (*i.e.*, to be seen by her immediately, taken out of his cell and put into a psychiatric observation cell). For example, he alleges that she took her "precious time" getting to his cell despite knowing his "life was in danger" and that she told him that she would not see him "any faster" or take him out of his cell to speak to her when he did things like cut himself because he only did so just to get her attention. However, these allegations, taken as true, do not state a claim for relief under the Eighth Amendment, since Plaintiff is not constitutionally entitled to the treatment of his choice for his mental illness. Douglas v. Vihidal, No. 11-350, 2012 WL 1933569, at *7 (W.D. Pa. May 1, 2012) (citing Layne v. Vinzant, 657 F.2d 468, 473 (1st Cir. 1981)). Furthermore, even though Plaintiff does not allege that she denied him mental

7

health treatment, and there are no allegations in the Complaint as to whether or not he was taken out of his cell to speak to Defendant Berger on this particular occasion. Plaintiff admits that he is seen by her every Thursday, although he had refused to come out of his cell to speak with her on prior occasions, and these allegations do not evidence deliberate indifference on the part of Defendant Berger. As such, this claim will be dismissed.

### b. Medication

With respect to Plaintiff's claim that Defendant Berger is not qualified to prescribe him medication, which is conclusory and not entitled to the "assumption of truth," *see* Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), and will not prescribe him with the specific medications that he wants for his mental diagnosis, Plaintiff's allegations similarly fail because "mere disagreements over medical judgment do not state" a claim for relief under the Eighth Amendment. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). Therefore, this claim will also be dismissed.

### 2. Equal Protection Claim

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. "This is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'" Artway v. Attorney General of State of N.J., 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985)). *See also* United States v. Armstrong, 517 U.S.456 (1996) (Equal Protection Clause prohibits decision to prosecute based on an unjustifiable standard such as race, religion, or other arbitrary classification). However, in order to state a claim for a violation of equal protection, a plaintiff must allege, and ultimately prove, "intentional discrimination." McCleskey v. Kemp, 481 U.S. 279, 292 (1987); Washington v. Davis, 426 U.S. 229, 241 (1976).

Here, it is not enough that Plaintiff alleges that he is an African American inmate with mental illness and that Caucasian inmates with mental illness get different mental health treatment in prison. Rather, Plaintiff must allege that his race was a substantial factor in the different treatment that is alleged, and this he has not done. Moreover, despite Plaintiff's assertion that African American inmates with mental illness are treated as "behavioral problems" and are not given medication for their mental illness, Plaintiff admits that he is seen once a week by Defendant Berger, who is presumed to be a mental health professional because Plaintiff identifies her (although perhaps improperly) as a psychiatrist, and that she provides him with medication for his mental illness, even though it is not the specific medication that he claims he needs. Finally, assuming Plaintiff's argument is directed more toward the type of mental health treatment he receives (i.e., the specific medication that he is prescribed for his mental illness) as opposed to receiving mental health treatment in general, then his claim assumes that every inmate with mental illness, regardless of race, has the same diagnoses and necessitates the same type of treatment. This, however, is an assumption that cannot be made when considering whether these inmates are "similarly situated." As such, even though Defendant Berger has not moved to dismiss Plaintiff's equal protection claim, it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Amendment of Complaint

The court must allow amendment by the plaintiff in civil rights cases brought under § 1983 before dismissing pursuant to Rule 12(b)(6), irrespective of whether it is requested, unless doing so would be "inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); *see also* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the

district court must offer the opportunity to amend unless it would be inequitable or futile). While the Court is cognizant of these holdings, it finds that allowing for amendment by Plaintiff would be futile. A careful review of the record commands that Plaintiff, even garnering all the liberalities that accompany his *pro se* status, fails to state any claims under § 1983 against Defendant Berger for which relief may be granted. A separate order will issue.

Dated: March 6, 2020.

_____
Lisa Pupo Lenihan
United States Magistrate Judge


Cc: Jerome Junior Washington
HV-0282
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

Counsel of record
(Via CM/ECF electronic mail)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JUNIOR WASHINGTON, | ) |
| Plaintiff, | ) Civil Action No. 18 – 1390 |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| JOHN E. WETZEL, *Commissioner*, et al., | ) |
| Defendants. | ) |

## ORDER

**AND NOW**, this 6th day of March, 2020,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant Berger (ECF No. 28) is **GRANTED** and the claims against Defendant Berger are dismissed with prejudice.

**AND IT IS FURTHER ORDERED** that Defendant Berger is dismissed from this action with prejudice and the Clerk of Court is directed to terminate her from the docket.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Jerome Junior Washington
HV-0282
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

Counsel of record
(Via CM/ECF electronic mail)