IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JUNIOR WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN E. WETZEL, *Commissioner*, et )<br>*al*., )<br>)<br>Defendants. )<br>) | Civil Action No. 18 – 1390<br><br>Magistrate Judge Lisa Pupo Lenihan |

## MEMORANDUM ORDER

Plaintiff has filed a Motion for Reconsideration of the Court's Order granting the Defendants' Motion for Summary Judgment. (ECF No. 142.) The Third Circuit Court of Appeals has instructed that "[t]he purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotation omitted). "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevents manifest injustice." Id. (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Plaintiff's Motion fails to set forth a sufficient basis for reconsideration in this matter. Accordingly, his Motion will be denied.

Plaintiff has also filed a Motion for a Certificate of Appealability. (ECF No. 139.) However, there is no requirement that Plaintiff obtain a certificate of appealability in order to appeal this case as he was not seeking habeas relief or relief in a proceeding under 28 U.S.C. § 2255. See

1